FILED & JUDGMENT ENTERED
Steven T. Salata

March 4 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In Re:

CHRISTOPHER DEE COTTON            Case No. 14-30287
TIN: xxx xx 1458                  Chapter 13
ALLISON HEDRICK COTTON
TIN: xxx xx 2985

       **Debtor(s).**

ORDER APPROVING SETTLEMENT AWARDS TO DEBTORS, APPROVING
DEBTORS' AMENDMENTS TO BANKRUPTCY SCHEDULE A/B,
SCHEDULE C, AND SUMMARY OF SCHEDULES, AND
ALLOWING DEBTORS TO RECEIVE
SETTLEMENT PROCEEDS

    THIS CAUSE coming on to be heard and being heard before the undersigned Judge of the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, in open Court on February 26, 2019, upon the Debtors' *Motion to Approve Settlement, to Amend Schedule A/B, Schedule C, and Summary of Schedules as a Matter of Right, to Allow Debtors to Receive Settlement Proceeds as Not Being Property of the Estate or, in the Alternative, as an Allowed Administrative Claim for Debtors Against Settlement Proceeds* (the "Motion"); and it appearing to the Court that there has been adequate Notice and a Hearing of this matter as that term is defined in the Bankruptcy Code and the Rules of Bankruptcy Procedure. Present at the hearing held hereon were Frederick L. Henderson Jr., attorney for the Debtors, and Jenny P. Holman, attorney for the Standing Trustee. From statements of counsel as well as the entire record, the Court makes the following:

## FINDINGS OF FACT

1. Debtors filed a joint petition for relief under Chapter 13 of Title 11 of the United States Code ("the Bankruptcy Code") in this Court on February 24, 2014, and their plan was subsequently confirmed.

2. The Debtors are Plaintiffs in Adversary Proceeding 17-03056 pending before this Court, which was opened on June 7, 2017.

3. On September 12, 2018, the Debtors as Plaintiffs in Adversary Proceeding 17-03056 filed a "Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement Pursuant to Fed. R. Civ. P. 23 and Fed. R. Bankr. P. 7023 " (Adv. Proc. Doc. 89).

4. On November 2, 2018, this Court entered an Order in Adversary Proceeding 17-03056 (Doc. 110) conditionally certifying the settlement class and granting preliminary approval of the settlement agreement of the parties (hereinafter, the "Settlement").

5. A hearing is set for final approval of the Settlement on March 4, 2019, in the United States District Court for the Western District of North Carolina. In the event that the Settlement obtains final approval, the Settlement would cause the Debtors to receive as follows:

    a. A service award of $10,000.00 each for serving as class representatives; and

    b. An estimated payment of $2,200.00 as members of Subclass 3.

6. The Debtors have exemption value available to them under North Carolina Statutes Section 1C-1601(a)(2) in the total amount remaining of $4,905.00. True and complete copies of the Debtors' proposed Amended Schedule A/B, Amended Schedule C, and Amended Summary of Schedules were attached as an exhibit to the Motion and filed in this case on January 29, 2019 (Doc. 108).

7. Furthermore, the Debtors have incurred costs in serving as class representatives. Most significantly, Mr. Cotton has given a significant amount of valuable time away from his employment responsibilities and his family.

8. Without the valuable participation and contribution of the Debtors in Adversary Proceeding 17-03056 and in negotiation of the Settlement, the action would likely not have been able to go forward and result in a multi-million dollar settlement benefitting thousands of similarly situated debtors.

9. The Debtors' services as class representatives have also benefitted the bankruptcy court system and preserved the estate in this case by making clear to creditors how to properly comply with the procedural rules at issue in Adversary Proceeding 17-03056.

10. Since the subject litigation began in November 2016, the Debtors, especially Mr. Cotton, have spent a substantial and invaluable amount of time serving as class representatives. Mr. Cotton has met with counsel to discuss the facts, legal issues, and case progress, reviewed numerous drafts of the relevant legal documents, attended hearings, and participated in settlement mediation requiring a three day trip out-of-state.

11. From February 26, 2018 through February 28, 2018, Mr. Cotton took significant time away from his family and employment responsibilities to travel to Dallas, Texas, for the settlement mediation. Mr. Cotton spent two full days meeting with the mediator and contributing valuably to the discussions as a class representative.

12. According to his time records, counsel for the Debtors conservatively estimates that Mr. Cotton spent at least 31 hours since November 2016 away from work or family contributing to the litigation that resulted in the Settlement. Counsel arrived at this number using not only the time entries wherein he actually spent time working with the Debtors, but also estimating at least a quarter to a half an hour for time entries that required the Debtors to review or discuss issues or documents on their own and provide a response to counsel. Counsel's time sheet has been provided in its final form as part of his application for fees pursuant to the Settlement. By the time of the hearing on final approval of the Settlement in District Court on March 4, 2019, the Debtors will have attended more hearings and meetings necessary and relevant to the Settlement approval procedure.

13. While serving as class representatives for the benefit of thousands of bankruptcy debtors, the Debtors have continued to diligently fund their Chapter 13 plan for the benefit of their creditors. As of the hearing on the Motion, the Debtors had completed month 59 of 60 of their plan and have already paid a 62.15% dividend to their general unsecured creditors in addition to maintaining their mortgage, curing all arrearages, and paying five secured claims in full.

14. The only Response to the Motion was filed by the Standing Trustee, Warren L. Tadlock. The Response stated that the Trustee did not oppose the relief requested by the Debtors. The attorney for the Standing Trustee, Jenny P. Holman, stated at the hearing that the Debtors' payment of a 62.15% dividend to the general unsecured creditors has far surpassed the value of the Settlement.

## CONCLUSIONS OF LAW

When considering the result of the benefit to not only the Debtors and their estate but also to thousands of other similarly affected debtors and debtors' estates as well as the bankruptcy system itself, the Debtors' time serving as class representatives is well worth the full service award of $20,000.00 and the Subclass 3 award of $2,200.00. Because the Debtors' have already funded a dividend to the general unsecured creditors in excess of the Settlement value, and because final approval and payment of the Settlement funds to the Debtors would not occur until after the completion of the Debtors' 60-month plan term, the Debtors' Motion is GRANTED.

IT IS THEREFORE ORDERED as follows:

1. The Debtors' request for approval of their awards for participation as class representatives and as members of Subclass 3 in the Settlement is approved;

2. The Debtors' Amended Schedule A/B, Amended Schedule C, and Amended Summary of Schedules filed in this case on January 29, 2019, are approved; and

3. The Debtors are allowed to receive and to keep the entire amount of the Settlement awards in whatever amounts that are finally approved by the United States District Court for the Western District of North Carolina, which is expected to be $10,000.00 to each Debtor as class representative service awards and $2,200.00 to the Debtors as a Subclass 3 member award pursuant to the terms of the Settlement.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court